UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WISCONSIN

In re: Nathaniel James Marvin Raimer  
Debtor

Case No. 18-11929-cjf  
(Chapter 7)

STIPULATION IN SUPPORT OF TRUSTEES MOTION TO COMPROMISE CLAIM

Virginia E. George, Trustee in Bankruptcy, and Nathaniel Raimer, the debtor by his attorney and Timothy Raimer and Marie Raimer by their attorney Roger Sage hereby stipulate and agree as follows:

Statement of Facts

1. The debtor's schedules disclosed he had within the two-year period before his bankruptcy owned the real property located at 722 East Cook Street, City of Portage, Columbia County, State of Wisconsin (hereinafter the "property").

2. The trustee discovered the debtor purchased the property for $46,000.00 on or about 1/29/2016.

3. The trustee discovered the source of the Debtor's purchase money was a $46,000.00 loan from debtor's parents.

4. The debtor's Statement of Financial Affairs at Q 18 (CM-ECF Doc. No. 17 page 8) disclosed the debtor did sell, trade or transfer property within the two-year period before his bankruptcy petition outside the ordinary course of his financial affairs as follows:

| Person Who Received Transfer | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Timothy & Marie Raimer<br>701 W. Carroll Street<br>Portage, WI 53901<br>Person's relationship to you: parents | Residence located at 722 East Cook Street, Portage, WI that I owned for a year. There was no equity in the property at the time of transfer. | The mortgage I had was satisfied. | 01/30/2017 |

After the meeting of creditors was held, the debtor filed an Amended Statement of Financial Affairs, Q 18, (CM-ECF Doc. No. 17 page 8) where he disclosed as follows:

| 18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs? Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement. ☐ No ☑ Yes. Fill in the details. | | | |
|---|---|---|---|
| Person Who Received Transfer | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
| Timothy & Marie Raimer | Residence located at 722 East Cook Street, Portage, WI that I owned for a year. Funds from my parents' account paid for the property, after a bidding | The debt I had to my parents, which was represented by a signed Property and Loan Agreement, was satisfied. | 01/30/2017 |
| 701 W. Carroll Street | | | |
| Portage  WI  53901 | | | |
| Person's relationship to you: parents | | | |
| Person Who Received Transfer | process. The final bid of $40,126 was actually placed by my father. After the improvements made, at the time it was transferred to my parents, it was probably | worth $65,000 to $70,000. | |

5. In January 2016, the debtor's parents loaned the debtor $40,126.00 to purchase the property and in the months that followed the debtor's parents also loaned the debtor an additional $7,972.75 to be used by the debtor for closing costs, the cost of homeowner's insurance, and property rehabilitation costs (hereinafter "the parent loan").

6. On or about May 6, 2016, the parent loan was documented by a typed and signed agreement between the debtor and his parents (hereinafter the "Property and Loan Agreement"). In the Property and Loan Agreement the debtor promised to make installment payments to his parents for a total principal loan amount of $48,098.75.

7. On or about January 30, 2017, (which is one year, 4 months and 9 days before the petition date herein), the debtor transferred his interest in the property via a Quit Claim

Deed to his parents, Timothy Raimer and Marie Raimer (hereinafter "the transfer").

8. The transfer was made during the two year look back period under 11 U.S.C. § 548(a)(1).

9. The debtor estimates that the property had a fair market value of $65,000-$70,000 (per debtor's amended statement of financial affairs CM-ECF Doc #17 filed on 9/5/18). The 2017 real estate tax bill shows the estimated fair market value of the property at $79,800.00.

10. If the property had been sold at arm's length, rather than transferred to an insider, the trustee estimates that after normal and customary costs of sale the net sale proceeds would have been between $66,000.00 and $71,000.00. Under this estimate, if the debtor had then repaid the parent loan the remainder available to pay his other creditors would have been between
$17,901.25 and $22,901.25.

11. It is undisputed that immediately after the transfer the debtor was insolvent.

12. The trustee asserts the debtor received less than equivalent value for the property. The trustee asserts that the debtor received forgiveness of a $48,098.75 loan balance in exchange for a property he admits was valued at $65,000 to $70,000.

13. The debtor has no undisclosed assets, preferences or transfers. All the debtor's assets were claimed exempt except this transfer claim.

14. The Estate, the debtor and the debtor's parents agree to a global settlement of all claims the estate may have against the debtor or the debtor's parents upon payment by the debtor's parents of $10,000.00 (hereinafter the "settlement amount") to the Bankruptcy Estate of Raimer.

15. Said payment shall be mailed via U.S. Regular mail and addressed to Trustee Virginia E. George at 4212 N. Oakland Avenue, Shorewood, WI 53211.

16. Said payment shall be received via U.S. regular mail on or before 10 days after the court order approving the Trustee's Motion to Compromise is docketed in Cm-ECF.

    (hereinafter the "payment deadline") and counsel for Timothy Raimer and Marie Raimer is informed of the approval.

17. In the event the payment is not timely received, and after five days' notice of such non-receipt to Attorney Roger Sage, counsel for Timothy Raimer and Marie Raimer, the Clerk of the Bankruptcy Court shall upon filing of an affidavit of default by the trustee immediately enter a money judgment jointly and severally against Timothy Raimer and Marie Raimer in the sum of $22,901.25.

So, agreed as of this 6th day of May 2019.

/s/ _____ Nathaniel Raimer, the debtor
by his attorney

/s/ _____
Timothy Raimer and Marie Raimer
by their attorney Roger Sage

/s/ _____

Bankruptcy Estate of Nathaniel Raimer by
Trustee Virginia E. George