UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

In re: Nathaniel James Marvin Raimer                    Case No.18-11929-cjf
          Debtor                                            (Chapter 7)

_____

TRUSTEE'S MOTION TO COMPROMISE CLAIM BY THE ESTATE
_____

       Virginia E. George, Trustee in Bankruptcy of the above-named estate, moves the court for

an order authorizing the compromise of the claim of the estate on the terms and for the reasons

stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019.   The Trustee moves the

Court for such authority assuming no objections to said compromise are timely filed:

1. This case was filed on 06/06/2018 under Chapter 7 of the Bankruptcy Code.

2. The debtor's schedules indicate general unsecured pre-petition, non-priority creditors of

   $31,328.10.

3. (Give details regarding what the controversy in question is) The debtor made a transfer of

   real estate to his parents for less than equivalent value within the two year look back

   period.   Such a transfer is prohibited by 11 USC § 548(a)(1) and the trustee could start an

   adversary proceeding against the parents to attempt to win a money judgment for at most

   $21,000.00.   The facts of the transfer are set forth in detail in the attached stipulation.

4. The debtor's parents Timothy Raimer and Marie Raimer have offered to settle the above

   described transfer by paying the estate $10,000.00 to the bankruptcy estate.   The trustee

   recommends the settlement subject to approval by the Court after notice to creditors.

5. ANALYSIS OF PROPOSED COMPROMISE: The factors set forth in the case of *In re*

   *American Reserve*, 841 F.2d 159 (7th Cir.1987) apply as follows:

       a.       Comparison of the settlement terms with litigation, probable costs and

probable benefits:    Without a settlement the estate would have to start an

adversary proceeding (a lawsuit) against the debtor's parents.   It is likely

the estate would win the adversary proceeding, but it would take a

substantial amount of time (6 -12 months) and cost the estate about

$5,250.00 dollars in attorney fees and $600.00 in expenses.   The proposed

settlement/compromise with the debtor's parents for $10,000.00 avoids

this litigation, brings finality and avoids expenses.

b.    CREDITORS / CLAIMS FILED:    The claims bar date has passed.   The

trustee has reviewed all the claims filed #1-3.   The filed priority claims

total $0.00 and the filed unsecured claims total $24,186.15 and, if the

compromise is approved, the estimated administrative claims total

$1,750.00 in trustee compensation and $85.00 in expenses.

c.    EFFECT ON CREDITORS: The trustee estimates the settlement will

provide adequate funds to pay a distribution of approximately 37% to the

unsecured creditor class.

Dated:   08/05/2019                         /s/ _____

                                            Virginia E. George
                                            Chapter 7 Trustee
                                            4212 N Oakland Avenue
                                            Shorewood, WI 53211
                                            Phone: (920)235-6690
                                            Email: vgeorge@steinhilberswanson.com