UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re: Nathaniel James Marvin Raimer         Case No.18-11929-cjf
                Debtor.                            (Chapter 7)

---

NOTICE OF TRUSTEE'S MOTION TO COMPROMISE CLAIM BY THE ESTATE

---

      Virginia E. George, the Trustee in this case, has filed a motion to compromise a claim by the estate.   A copy is attached.   In general, the Trustee is seeking authority to compromise the settlement of a preference claim against the debtor's parents.

**Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the court to grant the trustee's motion or if you want the court to consider your views regarding this motion, then on or before __**August 26, 2019**__ you must file with the court a written objection to the motion and a request for a hearing at:

      Clerk, US Bankruptcy Court
      Western District of Wisconsin
      120 North Henry Street, room 340
      Madison, WI   53703-2559

2.    If you mail your request to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

3.    You must also mail a copy to:

| Office of the U.S. Trustee | Virginia E. George, Trustee |
|---|---|
| 780 Regent Street | 4212 N. Oakland Avenue |
| Suite 304 | Shorewood, WI 53211 |
| Madison, WI 53715 | |

Virginia E. George, Trustee
4212 N. Oakland Avenue
Shorewood, WI 53211
phone: (920) 235-6690

Requests for additional information should be directed to the trustee.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief which may be sought and may enter an order granting that relief.

Dated: 08/04/2019                              /s/ Virginia E. George

                                                          Virginia E. George, Trustee

Virginia E. George, Trustee
4212 N. Oakland Avenue
Shorewood, WI 53211
phone: (920) 235-6690

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

In re: Nathaniel James Marvin Raimer                 Case No.18-11929-cjf
        Debtor                                                      (Chapter 7)
_____

TRUSTEE'S MOTION TO COMPROMISE CLAIM BY THE ESTATE
_____

      Virginia E. George, Trustee in Bankruptcy of the above-named estate, moves the court for an order authorizing the compromise of the claim of the estate on the terms and for the reasons stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019.   The Trustee moves the Court for such authority assuming no objections to said compromise are timely filed:

1. This case was filed on 06/06/2018 under Chapter 7 of the Bankruptcy Code.

2. The debtor's schedules indicate general unsecured pre-petition, non-priority creditors of $31,328.10.

3. (Give details regarding what the controversy in question is) The debtor made a transfer of real estate to his parents for less than equivalent value within the two year look back period.   Such a transfer is prohibited by 11 USC § 548(a)(1) and the trustee could start an adversary proceeding against the parents to attempt to win a money judgment for at most $21,000.00.   The facts of the transfer are set forth in detail in the attached stipulation.

4. The debtor's parents Timothy Raimer and Marie Raimer have offered to settle the above described transfer by paying the estate $10,000.00 to the bankruptcy estate.   The trustee recommends the settlement subject to approval by the Court after notice to creditors.

5. ANALYSIS OF PROPOSED COMPROMISE: The factors set forth in the case of *In re American Reserve*, 841 F.2d 159 (7th Cir.1987) apply as follows:

    a.      Comparison of the settlement terms with litigation, probable costs and

      probable benefits:    Without a settlement the estate would have to start an adversary proceeding (a lawsuit) against the debtor's parents.   It is likely the estate would win the adversary proceeding, but it would take a substantial amount of time (6 -12 months) and cost the estate about $5,250.00 dollars in attorney fees and $600.00 in expenses.   The proposed settlement/compromise with the debtor's parents for $10,000.00 avoids this litigation, brings finality and avoids expenses.

b.    CREDITORS / CLAIMS FILED:    The claims bar date has passed.   The trustee has reviewed all the claims filed #1-3.   The filed priority claims total $0.00 and the filed unsecured claims total $24,186.15 and, if the compromise is approved, the estimated administrative claims total $1,750.00 in trustee compensation and $85.00 in expenses.

c.    EFFECT ON CREDITORS: The trustee estimates the settlement will provide adequate funds to pay a distribution of approximately 37% to the unsecured creditor class.

Dated:   08/05/2019           /s/
                                      Virginia E. George
                                      Chapter 7 Trustee
                                      4212 N Oakland Avenue
                                      Shorewood, WI 53211
                                      Phone: (920)235-6690
                                      Email: vgeorge@steinhilberswanson.com

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WISCONSIN

In re: Nathaniel James Marvin Raimer  Case No. 18-11929-cjf
Debtor  (Chapter 7)

STIPULATION IN SUPPORT OF TRUSTEES MOTION TO COMPROMISE CLAIM

Virginia E. George, Trustee in Bankruptcy, and Nathaniel Raimer, the debtor by his attorney and Timothy Raimer and Marie Raimer by their attorney Roger Sage hereby stipulate and agree as follows:

## Statement of Facts

1. The debtor's schedules disclosed he had within the two-year period before his bankruptcy owned the real property located at 722 East Cook Street, City of Portage, Columbia County, State of Wisconsin (hereinafter the "property").

2. The trustee discovered the debtor purchased the property for $46,000.00 on or about 1/29/2016.

3. The trustee discovered the source of the Debtor's purchase money was a $46,000.00 loan from debtor's parents.

4. The debtor's Statement of Financial Affairs at Q 18 (CM-ECF Doc. No. 17 page 8) disclosed the debtor did sell, trade or transfer property within the two-year period before his bankruptcy petition outside the ordinary course of his financial affairs as follows:

| | Person Who Received Transfer | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|---|
| A | Timothy & Marie Raimer<br>701 W. Carroll Street<br>Number  Street<br>Portage  WI  53901<br>City  State  ZIP Code<br>Person's relationship to you: parents | Residence located at 722 East Cook Street, Portage, WI that I owned for a year. There was no equity in the property at the time of transfer. | The mortgage I had was satisfied. | 01/30/2017 |

After the meeting of creditors was held, the debtor filed an Amended Statement of Financial Affairs, Q 18, (CM-ECF Doc. No. 17 page 8) where he disclosed as follows:

| 18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs? Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement. ☐ No ☑ Yes. Fill in the details. | | | |
|---|---|---|---|
| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
| Timothy & Marie Ralmer *Person Who Received Transfer* 701 W. Carroll Street *Number  Street* Portage  WI  53901 *City  State  ZIP Code* Person's relationship to you parents | Residence located at 722 East Cook Street, Portage, WI that I owned for a year. Funds from my parents' account paid for the property, after a bidding | The debt I had to my parents, which was represented by a signed Property and Loan Agreement, was satisfied. | 01/30/2017 |
| *Person Who Received Transfer* *Number  Street* *City  State  ZIP Code* | process. The final bid of $40,126 was actually placed by my father. After the improvements made, at the time it was transferred to my parents, it was probably | worth $65,000 to $70,000. | |

5. In January 2016, the debtor's parents loaned the debtor $40,126.00 to purchase the property and in the months that followed the debtor's parents also loaned the debtor an additional $7,972.75 to be used by the debtor for closing costs, the cost of homeowner's insurance, and property rehabilitation costs (hereinafter "the parent loan").

6. On or about May 6, 2016, the parent loan was documented by a typed and signed agreement between the debtor and his parents (hereinafter the "Property and Loan Agreement"). In the Property and Loan Agreement the debtor promised to make installment payments to his parents for a total principal loan amount of $48,098.75.

7. On or about January 30, 2017, (which is one year, 4 months and 9 days before the petition date herein), the debtor transferred his interest in the property via a Quit Claim

Deed to his parents, Timothy Raimer and Marie Raimer (hereinafter "the transfer").

8. The transfer was made during the two year look back period under 11 U.S.C. § 548(a)(1).

9. The debtor estimates that the property had a fair market value of $65,000-$70,000 (per debtor's amended statement of financial affairs CM-ECF Doc #17 filed on 9/5/18). The 2017 real estate tax bill shows the estimated fair market value of the property at $79,800.00.

10. If the property had been sold at arm's length, rather than transferred to an insider, the trustee estimates that after normal and customary costs of sale the net sale proceeds would have been between $66,000.00 and $71,000.00. Under this estimate, if the debtor had then repaid the parent loan the remainder available to pay his other creditors would have been between
$17,901.25 and $22,901.25.

11. It is undisputed that immediately after the transfer the debtor was insolvent.

12. The trustee asserts the debtor received less than equivalent value for the property. The trustee asserts that the debtor received forgiveness of a $48,098.75 loan balance in exchange for a property he admits was valued at $65,000 to $70,000.

13. The debtor has no undisclosed assets, preferences or transfers. All the debtor's assets were claimed exempt except this transfer claim.

14. The Estate, the debtor and the debtor's parents agree to a global settlement of all claims the estate may have against the debtor or the debtor's parents upon payment by the debtor's parents of $10,000.00 (hereinafter the "settlement amount") to the Bankruptcy Estate of Raimer.

15. Said payment shall be mailed via U.S. Regular mail and addressed to Trustee Virginia E. George at 4212 N. Oakland Avenue, Shorewood, WI 53211.

16. Said payment shall be received via U.S. regular mail on or before 10 days after the court order approving the Trustee's Motion to Compromise is docketed in Cm-ECF.

    (hereinafter the "payment deadline") and counsel for Timothy Raimer and Marie Raimer is informed of the approval.

17. In the event the payment is not timely received, and after five days' notice of such non-receipt to Attorney Roger Sage, counsel for Timothy Raimer and Marie Raimer, the Clerk of the Bankruptcy Court shall upon filing of an affidavit of default by the trustee immediately enter a money judgment jointly and severally against Timothy Raimer and Marie Raimer in the sum of $22,901.25.

So, agreed as of this 6th day of May 2019.

/s/ _____ Nathaniel Raimer, the debtor
by his attorney

/s/ _____
Timothy Raimer and Marie Raimer
by their attorney Roger Sage

/s/ _____

Bankruptcy Estate of Nathaniel Raimer by
Trustee Virginia E. George